Dear Mr. Rice:
This opinion letter is in response to your questions asking:
 1. Does a criminal record check on a person who is applying for a permit to purchase a gun come under the definition of "administration of criminal justice" in Section 43.500(7), RSMo 1986?
 2. Are criminal history record checks by the Division of Liquor Control on individuals who are applying for a state liquor license considered to be related to the "administration of criminal justice" as defined in Section 43.500(7), RSMo 1986?
The "administration of criminal justice" is defined in Section 43.500(7), RSMo 1986, which provides as follows:
 43.500. Definitions. — As used in sections 43.500 to 43.530, the following terms mean:
* * *
 (7) "Administration of criminal justice", performance of any of the following activities: detection, apprehension, detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision, or rehabilitation of accused persons or criminal offenders. The administration of criminal justice shall include criminal identification activities and the collection, storage, and dissemination of criminal history record information, including fingerprint searches, photographs, and other indicia of identification.
Therefore, by definition the "administration of criminal justice" includes the detection of accused persons or criminal offenders.
Under Section 571.080, RSMo 1986, a person must obtain a permit in order to purchase a concealable firearm. A person is ineligible to acquire a permit to purchase a concealable firearm if he has "pled guilty to or been convicted of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of two years or less that does not involve an explosive weapon, firearm, firearm silencer or gas gun;" (Section 571.090.1(2), RSMo 1986). A person is also ineligible to obtain a permit to acquire a concealable firearm if he is "a fugitive from justice or currently charged in an information or indictment with the commission of a crime punishable by imprisonment for a term exceeding one year under the laws of any state or of the United States other than a crime classified as a misdemeanor under the laws of any state and punishable by a term of imprisonment of two years or less that does not involve an explosive weapon, firearm, firearm silencer or gas gun;" (Section 571.090.1(3), RSMo 1986). Clearly, criminal history record information is absolutely essential for a determination to be made as to whether a person would qualify to acquire a permit to purchase a concealable firearm. Detection of accused persons or criminal offenders is one of the elements of the "administration of criminal justice" as defined under Section 43.500(7), RSMo 1986. Therefore, a criminal history record check on a person who is applying for a permit to purchase a concealable weapon comes under the definition of "administration of criminal justice" as defined in Section 43.500(7), RSMo 1986.
Section 311.050, RSMo 1986, provides that no person may sell intoxicating liquor without having first obtained a liquor license. Section 311.060.1, RSMo 1986, provides that no person shall be issued a liquor license in the State of Missouri unless such person is of good moral character. Section311.060.1 further provides that no person shall be granted a liquor license or permit who has been convicted of a violation of the provisions of any law applicable to the manufacture or sale of intoxicating liquor. Criminal history record information is absolutely essential in making a determination as to whether a person is of good moral character. Further, it is imperative to have the criminal history record information to determine whether a person has been convicted of violating the provisions of any law applicable to the manufacture or sale of intoxicating liquor. As such, criminal history record checks by the Division of Liquor Control on individuals who are applying for a state liquor license would fall under the definition of "administration of criminal justice."
It is the opinion of this office that criminal history record checks on persons applying for a permit to purchase a concealable weapon and on persons applying for a state liquor license are related to the detection of accused persons or criminal offenders and, therefore, come under the definition of "administration of criminal justice" as defined in Section43.500(7), RSMo 1986.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General